FRANK P. ELLIOTT, Appellant, v. JOHN TREADWAY et al., Respondents.

**St. Louis Court of Appeals, January 30, 1900.**

**Practice, Appellate:** PROMISSORY NOTE: PAYMENT. The issue, in the case at bar, was submitted to the jury without instructions and the finding was for the defendant and as the testimony tended to prove the alleged payment on the note by defendant, the judgment will not be disturbed.

Appeal from the Louisiana Court of Common Pleas.—*Hon. David H. Eby*, Judge.

AFFIRMED.

*E. E. Campbell* and *Ball & Sparrow* for appellant.

(1) The plaintiff insists that there was no evidence to sustain the finding and judgment of the court and therefore challenges the sufficiency of the evidence as shown by the record and requests the court to carefully read the same. The court should have sustained plaintiff's demurrer at the close of defendants' case. Upon the close of the whole case the court should have as requested by plaintiff found for plaintiff. (2) At least the great preponderance of the evi-

dence was for plaintiff and the court should have so found, because requested so to do by an instruction to that effect. There is no evidence to sustain the finding and judgment of the court. (3) The court erred in excluding witness Cake's testimony touching the receipt thereby compelling plaintiff to introduce same in evidence under protest.

*Edwards & Duvall* and *J. D. Hostetter* for respondent.

And where no instructions or declarations of law are asked, and none given as in the case at bar, there is absolutely nothing for the appellate court to review, save to ascertain whether there was any evidence to sustain the verdict. Mead v. Spalding, 94 Mo. 43; Herman v. Handlan, 59 Mo. App. 490; Clark v. Railroad, 127 Mo. 255 at 268; Miller v. Brenecke, 83 Mo. 163 at 166; McQuay v. Geyer, 57 Mo. App. 213.

BIGGS, J.—This is an action on a note. W. B. Elliott, now deceased, was the payee in the note. In the distribution of the personal assets of his estate the note was transferred by the executor to plaintiff as a part of his distributive share. The only controversy at the trial concerned an alleged payment on the note of one hundred dollars, which defendants claimed they paid to Elliott a short time before his death, and which he had failed to enter as a credit. That issue was submitted to the jury without instructions, and the finding was for defendants. Judgment was entered accordingly, and the plaintiff has appealed.

In support of the plea of payment the defendants introduced a witness, who testified that a short time before the death of W. B. Elliott, he heard a conversation between Elliott and the defendant John Treadway, in which the former stated that the latter had paid him one hundred dol-

lars on a note.   There was other evidence that the note in suit was the only one held by Elliott against Treadway. This testimony tended to prove the alleged credit, which precludes us from disturbing the judgment.

The judgment of the circuit court will be affirmed. All concur.

